UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rimini
_____

_____
Write the full name of each plaintiff.

-against-

J.P. Morgan Chase & Co. et al
_____

_____

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**COMPLAINT**

Do you want a jury trial?
☑ Yes   ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ Federal Question

☐ Diversity of Citizenship

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?
Sarbanes-Oxley Act, including Section 806
_____
_____
_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
            (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Thomas | | Rimini |
|---|---|---|
| First Name | Middle Initial | Last Name |

P.O. Box 391
Street Address

| Middlesex, Winchester | MA | 01890 |
|---|---|---|
| County, City | State | Zip Code |

(617) 485-9100      thomas_rimini@msn.com
Telephone Number     Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

J.P. Morgan Chase & Co.
First Name          Last Name

Current Job Title (or other identifying information)

270 Park Avenue
Current Work Address (or other address where defendant may be served)

New York, New York          NY          10017
County, City                State       Zip Code

Defendant 2:

First Name          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City          State          Zip Code

Defendant 3:

First Name          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City          State          Zip Code

Defendant 4:

First Name _____ Last Name _____

Current Job Title (or other identifying information) _____

Current Work Address (or other address where defendant may be served) _____

County, City _____ State _____ Zip Code _____

## III. STATEMENT OF CLAIM

Place(s) of occurrence: New York, New York

Date(s) of occurrence: November 2011, October 2016 ongoing

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

I am pro se in this matter and am moving Sarbanes-Oxley ("SOX") matter number 2021-SOX-00020 currently proceeding before the Department of Labor ("DOL") to Federal Court for the Southern District of New York. See, Exhibit A. SOX requires that SOX actions be heard in the jurisdiction where the violations occurred or where plaintiff lived at the time, these are both New York City. I am removing the matter to the Court becuase the matter has been proceeding at DOL since 2016 and was only recently docketed by the DOL. Pursuant to SOX, if the DOL has not entered a final decision within 180 days, a plaintiff may remove the matter to federal court for de novo review. In this matter, Defendant JPMorgan employees violated employment policies and provided a bad job reference by stating to a prospective employer that there are better people to hire than me. See, Exhibit A. JPMorgan employment attorneys have stated that the statement was prohibited. See, Exhibit A. The statement evidences the blacklisting and discrimination subject of my Complaint in 2021-SOX-00020, which I present to this Court for review here. JPMorgan employee statements are also material breaches of contract. The Complaint here is the only complaint that contains these claims. The Parties were noticed that they are in binding arbitration at FINRA on August 16, 2021. JPMorgan attorneys have indicated that they do not want this claim included in that action to save time and resources, necessitating this action. I ask that this Court provide for "space holders" for any additional claims that may need to be added to this matter if JPMorgan objects to their inclusion in the arbitration proceeding at FINRA. JPMorgan employees have interefered severely with my new employment opportunities for many years causing loss of income and other challenges. All of the elements for remedy pursuant to SOX have been met here and are within the administrative record.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

I seek back wages and other damages, to include an Order for reinstatement, as ~~required by SOX. SOX is a make-whole statute.~~

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 8/26/2021 | | | *[signature]* |
|---|---|---|---|
| Dated | | | Plaintiff's Signature |
| Thomas | | | Rimini |
| First Name | Middle Initial | | Last Name |
| P.O. Box 391 | | | |
| Street Address | | | |
| Middlesex, Winchester | | MA | 01890 |
| County, City | | State | Zip Code |
| (617) 485-9100 | | thomas_rimini@msn.com | |
| Telephone Number | | Email Address (if available) | |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☑ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

PRO SE INTAKE UNIT: 212-805-0175

rev. 2/9/15

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

Civil case(s) filed in the Southern District of New York:

Note: This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

Rimini v. J.P. Morgan Chase & Co.

---

Thomas Rimini
Name (Last, First, MI)

P.O. Box 391    Winchester    MA    01890
Address          City          State   Zip Code

(617) 485-9100    thomas_rimini@msn.com
Telephone Number   E-mail Address

August 26, 2021
Date            Signature

Return completed form to:

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

**EXHIBIT A**

**From:** "Costango, John E" <john.e.costango@jpmorgan.com>
**To:** "Duzyk, David M" <david.m.duzyk@jpmorgan.com>
**Subject:** RE: Tom Rimini

Thank you. I will explain the role we're trying to fill.


John E. Costango
Managing Director

JPMorgan

383 Madison Avenue

8th Floor / NY1-M074

New York, NY 10179


john.e.costango@jpmorgan.com

t: +1-212-834-2447

m: +1-646-522-8011


**From:** Duzyk, David M
**Sent:** Tuesday, November 08, 2011 1:27 PM
**To:** Costango, John E
**Subject:** RE: Tom Rimini


He might be ok but there should be others that are better. I will talk to you tomorrow when I am in.


-----Original Message-----
**From:** Costango, John E
**Sent:** Tuesday, November 08, 2011 11:40 AM Eastern Standard Time
**To:** Duzyk, David M
**Subject:** Tom Rimini

Dave – do you recall this guy Tom Rimini who worked in your world a few years ago? He was recommended to us as someone who might be good in the mortgage resolution group and who is meeting with people today.


John E. Costango
Managing Director

JPMorgan

383 Madison Avenue

8th Floor / NY1-M074

New York, NY 10179


john.e.costango@jpmorgan.com

t: +1-212-834-2447

m: +1-646-522-8011

**U.S. Department of Labor**   Occupational Safety and Health Administration
201 Varick Street, Room 670
New York, New York 10014
(212) 337-2378
(212) 337-2371 – fax



July 20, 2016

Mr. Thomas Rimini
P.O. Box 391
Winchester, MA 01890

<u>*Via Email ONLY: thomas_rimini@msn.com*</u>

Re: J.P. Morgan/Rimini/2-4173-16-176

Dear Mr. Rimini:

This letter acknowledges receipt of your whistleblower complaint filed under Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act, 18 U.S.C. §1514A (SOX), on July 14, 2016 against J.P. Morgan (Respondent).

The Occupational Safety and Health Administration (OSHA) is responsible for enforcing the whistleblower provisions of 18 U.S.C. §1514A, and will conduct its investigation following the procedures outlined in 29 CFR Part 1980. You may obtain a copy of the pertinent statute and regulations at http://www.whistleblowers.gov. Upon request, a printed copy of these materials will be mailed to you.

Under these procedures, OSHA will disclose to the parties information relevant to the resolution of the case as well as provide all parties an opportunity to fully respond. As such, both you and J.P. Morgan will receive a copy of each other's submissions to OSHA that are responsive to the above referenced whistleblower complaint. We have notified Respondent of the filing of this complaint and provided Respondent with a copy. **We request that any future documents that you submit to OSHA, you also send a copy to the Respondent at the address below:**

**J.P. Morgan
270 Park Avenue
8th Floor
New York, NY 10017**

If the information provided contains private, personally identifiable information about individuals other than you, such information, where appropriate, should be redacted before disclosure. OSHA may contact the party directly for the unredacted copy, if necessary.

Attention is called to your right and the right of any party to be represented by counsel or other representative in this matter. In the event you choose to have a representative appear on your behalf, please have your representative complete the Designation of Representative form enclosed and forward it promptly.

At this time, an investigator has been assigned to your case and will be contacting you in the near future. In the interim, please save any evidence bearing on your complaint, such as notes, minutes, letters, or check stubs, etc., and have them ready when the investigator named below meets with you. It will be helpful for you to write down a brief factual account of what happened and to prepare a list of the names, addresses, and telephone numbers of the potential witnesses, together with a brief summary of what each witness should know.

You are expected to cooperate in the investigation of your complaint and failure to do so may cause your complaint to be dismissed.

Sincerely,

*Teri M. Wigger*

Teri M. Wigger
Assistant Regional Administrator

Enclosure: Designation of Representative

> James Durkin, Investigator
> U.S. Department of Labor - OSHA
> 201 Varick Street, Room 908
> New York, NY 10014
> (212) 337-2029
> (212) 620-4121 – fax
> Email: durkin.james@dol.gov

## Regarding Your Letter to Stacey Friedman

**Smith, Gershom R** <gershom.r.smith@chase.com>
Fri 6/27/2014 4:29 PM
**To:** Thomas Rimini <tomrimini@hotmail.com>

Hi Tom,

Stacey Friedman forwarded me your June 17th letter. The issues you raise appear to be the same as those you raised with me and Melissa Gold in early June, and which I believe have been resolved.
In early June, you sent me several emails complaining: 1) that you were receiving alerts about open positions at JPM by e-mail; 2) that a prospective employer tried repeatedly to get employment verification from David Duzyk, but did not get a response; and 3) that you were receiving harassing "hang up" phone calls from various "270" numbers.

I looked into these issues and responded by e-mail on June 3rd and June 4th. I explained that you were being notified of open positions because at some point you created a profile on our recruiting system and requested to be notified of positions that matched your profile. These notifications should have ceased (because your release agreement with JPMC contains a no-reapplication provision), but unfortunately, the system was not adequately "turned off." I worked with our recruiting team to shut this down, and explained to you that you should not receive further communications. I said that if, for some reason, a recruiter did reach out to you, you should let me know, and should feel free to refer the recruiter to me. Since then, you have not indicated to me that you have received any further communications from JPMC recruiters, and I have not had any recruiters contact me at your request.

With respect to employment verification, I explained that it is JPMC's policy to provide only a neutral reference to prospective employers, meaning job title, dates of employment, and with your authorization, salary information. I explained that this information can be obtained by prospective employers only though JPMC's automated system (and then gave you step-by-step instructions for how you and any prospective employer can navigate the system). I noted that managers and employees (including Mr. Duzyk) are prohibited from providing any employment information or reference related to any current or former employee, unless in strictly limited situations related to references for academic purposes.

With regard to the harassing "hang up" phone calls, our Global Securities & Investigations team looked into the numbers you provided. One of the numbers is not assigned to anyone, and the other belongs to an employee who was in Boston at the time you allegedly received a call from his number (and he does not know of you). I noted that if you continued to receive "hang up" calls from JPMC numbers, you should let me know and I would continue to look into them. Since then, you have not indicated to me that you have received additional phone calls.

The issues you raise in your letter to Stacey appear to be the same as those you already raised with us, and which (I believe) are resolved. If there have been further incidents since our correspondence in early June, you have not brought them to my attention, so at this point, I don't know what more you are looking for to "make things right." Nonetheless, I am happy to discuss this matter further if that would be helpful.

Regards,

Gershom

_____

**Gershom R. Smith**
**Vice President, Assistant General Counsel**
**The Human Resources Law Practice Group**
**JPMorgan Chase & Co.**

📠 4 New York Plaza, 19th floor, New York, NY 10004

☎ 212.623.1581 | E-fax 347.535.3832

✉ gershom.r.smith@chase.com

This transmission may contain information that is privileged, confidential, legally privileged, and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. Although this transmission and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by JPMorgan Chase & Co., its subsidiaries and affiliates, as applicable, for any loss or damage arising in any way from its use. If you received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you.

**U.S. Department of Labor**  Office of Administrative Law Judges
800 K Street, NW
Washington, DC  20001-8002

(202) 693-7350
(202) 693-7365 (FAX)



**Issue Date: 28 May 2021**

OALJ Case No.:  2021-SOX-00020
OSHA Case No.:  2-4173-16-176

*In the Matter of:*

**THOMAS RIMINI**,
  *Complainant*,

  *v.*

**J.P. MORGAN CHASE & COMPANY,**
  *Respondent.*

## NOTICE OF DOCKETING

This matter arises under the employee protection provisions of the Sarbanes-Oxley Act of 2002 ("SOX"), as amended, 18 U.S.C. § 1514A, and the implementing regulations at 29 C.F.R. Part 1980.  By email dated May 14, 2021, Complainant is appealing an October 14, 2016[1] determination issued by the Occupational Safety and Health Administration dismissing a July 9, 2016 complaint alleging Respondent retaliated against him in violation of SOX by blacklisting him.[2]  The Office of Administrative Law Judges ("OALJ") docketed the above referenced case on May 14, 2021.  It is not yet assigned to a presiding administrative law judge ("ALJ").  A Notice of Hearing and/or Prehearing Order may be sent to the parties once the matter is assigned to an ALJ. You may track the progress of the case using the Case Status Lookup feature on the OALJ website at https://www.dol.gov/agencies/oalj.

---

[1] Mr. Rimini contends that he did not receive the determination letter.  It appears that, on or about October 17, 2016, OSHA sent the determination letter to Complainant by UPS to an address in New York City, not the Winchester, Massachusetts address reflected on the determination letter.

[2] Mr. Rimini has four previous complaints before OALJ, all involving the same Respondent: (i)  a complaint filed in July 2015 and docketed as 2015-SOX-00034 was dismissed by the ALJ on January 18, 2017 before being removed to federal district court; (ii) a complaint filed on December 13, 2017 and docketed as 2018-SOX-00010 was dismissed by the ALJ on April 3, 2018; (iii) a third complaint filed on April 13, 2018 and docketed as 2018-SOX-00023 was dismissed by the ALJ on August 29, 2018; and (iv) a complaint filed on April 2, 2019 alleging Respondent made false statements in filings to the Administrative Review Board (ARB).  This complaint was docketed as 2019-SOX-00033 and transmitted to the ARB for consolidation with an appeal in 2018-SOX-00023 as it did not allege any new facts outside of the administrative appeal.  The ARB consolidated cases 2018-SOX-00010, 2018-SOX-00023, and 2019-SOX-00033 and dismissed the matters by order dated August 5, 2019.

- 2 -

Parties are encouraged to efile with OALJ using either OALJ's e-mail e-filing system described at www.dol.gov/agencies/oalj/filing_by_email or DOL's eFile/eServe System ("EFS") at https://www.dol.gov/agencies/oalj/EFS.

In addition to any of the rules set forth in the statute or implementing regulations governing this case type, the OALJ Rules of Practice and Procedure apply and can be found on the OALJ website at https://www.dol.gov/agencies/oalj/topics/libraries/LIBRULES.  Unless an exemption applies, the parties are required to make initial disclosures within 21 days of the date of this notice without awaiting a discovery request or discovery order. *See* 29 C.F.R. § 18.50(c)(1).  The initial disclosures need not be filed with this office.

**SO ORDERED.**

                                      **STEPHEN R. HENLEY**
                                      Chief Administrative Law Judge

# SERVICE SHEET

Case Name: **Rimini_v_JP_MORGAN_CHASE_and__**

Case Number: **2021SOX00020**

Document Title: **NOTICE OF DOCKETING**

I hereby certify that a copy of the above-referenced document was sent to the following this 28th day of May, 2021:

**Mintha Dowtin**
Paralegal Specialist

Thomas Rimini
Thomas_rimini@msn.com
WINCHESTER MA 01890
  *{Electronic - Regular Email}*

Steven J. Pearlman, Esq
spearlman@proskauer.com
Proskauer Rose, LLP
70 West Madison Street
Suite 3800
CHICAGO IL 60602
  *{Electronic - Regular Email}*

U.S. DEPARTMENT OF LABOR 

Occupational Safety and Health Administration
Manhattan Area Office
201 Varick st
New York, NY 10018
212-337-2029
OSHA Website Address: http://www.osha.gov

**DATE**: July 11, 2016

**MEMORANDUM FOR**: RSI John Murphy, Regional Supervisor Investigator

**FROM**: James Durkin, Investigator

**SUBJECT**: J.P.Morgan Chase/Rimini/2-4173-16-176

**STATUTE**: Corporate and Criminal Fraud Accountability Act of 2002

On the above date the undersigned interviewed the complainant Mr. Rimini. Complainant stated that he filed a previous SOX complaint which is pending before the ALJ. Complainant stated that the Respondent Chase continues to discriminate against him.

Complainant stated that he was rejected for a position with HSBC after a successful interview. Complainant stated that he was under the impression he was getting the job. Complainant attributes the rejection to blacklisting by his former company, JP Morgan Chase.

The complaint was docketed and letters sent for the commencement of the investigation.

Respectfully Submitted,

*James Durkin*

James Durkin
Investigator

6FOIA 852077