UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIMINI, | ) |
| | ) |
| v. | ) Civil Action No. 21-cv-7209 (JPC) |
| | ) |
| J.P. MORGAN CHASE & CO. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## MOTION TO COMPEL ARBITRATION

I, Thomas Rimini, Plaintiff in this matter, am appearing before this Court pro se.

I am an attorney by training but have no substantive litigation experience outside of this matter.

I was not an attorney while employed at Defendant J.P. Morgan Chase & Co.

## CURRENT FINRA ARBITRATION

The Parties were noticed on August 16, 2021 that they are in binding arbitration at FINRA.

There is an arbitration agreement in place between the Parties.

I ask that this Court compel arbitration of this matter and direct that this matter be resolved through the FINRA arbitration currently proceeding, in order to conserve time and judicial resources.  See, Federal Arbitration Act.  See also, Alliance Bernstein v. Schaffran 2d Cir.  (The disputes over the arbitrability of a SOX claim should be decided by FINRA's arbitrators.)

1

## **PERSONAL CONSIDERATIONS**

I would ask this Court to consider, respectfully, that I am scheduled to begin the residential portion of a multijurisdictional law enforcement academy in the coming weeks.

During the next many months, my time will not be my own.  I separately have responsibilities as a volunteer Chairman at my alma mater.  I will have very little personal time to work on an additional litigation.  The timeline is a new development.

## **CONCLUSION**

I believe that litigation before this Court could be efficiently and fairly folded into the FINRA proceedings.

For these reasons, I ask that this Court compel FINRA arbitration of this matter.

September 22, 2021                                                                            Respectfully Submitted,


*/s/Thomas Rimini*

Thomas Rimini
Complainant
Pro Se
P.O. Box 391
Winchester, MA 01890
(617) 485-9100
thomas_rimini@msn.com

CERTIFICATE OF SERVICE

      I, Thomas Rimini, herby certify that today, September 22, 2021, I served a copy of the foregoing upon the persons identified below by U.S. Post and E-mail.

Edward C. Young
Proskauer Rose LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
eyoung@proskauer.com

and

Steven J. Pearlman
Proskauer Rose LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
spearlman@proskauer.com

| | |
|---|---|
| "When faced with a motion to compel arbitration, a court faces two principal questions: (1) did the parties agree to arbitrate and (2) if so, what is the scope of their arbitration agreement? . . . In other words, a party opposing a motion to compel arbitration may challenge the existence or enforceability of an arbitration agreement, or may challenge the applicability of such an agreement to the claims at issue." *Sinavsky v. NBCUniversal Media, LLC*, No. 20 Civ. 9175 (JPC), 2021 WL 4151013, at \*3 (S.D.N.Y. Sept. 13, 2021) (internal quotations and citations omitted). "The party seeking to compel arbitration bears the burden of showing that a valid arbitration agreement exists." *Teamsters Local 456, Int'l Bhd. of Teamsters, AFL-CIO v. AMEC Commercial, LLC*, No. 18 Civ. 854 (CS), at \*9 (S.D.N.Y. Jul. 30, 2019).<br><br>      Here, Plaintiff has made no such showing. And while *pro se* plaintiffs are ordinarily entitled to "special solicitude," Plaintiff is an attorney. *See, e.g., Basile v., Connolly*, 538 F'Appx. 5, 6 (2d Cir. 2013). The motion to compel is therefore denied, and the accompanying motion to stay is denied as moot. The Clerk of Court is respectfully directed to close the motions at Docket Numbers 8 and 15. | */s/ Thomas Rimini*<br>Thomas Rimini |

SO ORDERED. Date:
October 22, 2021
    New York, New York

_____
JOHN P. CRONAN
United States District Judge