UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS RIMINI,

                          Plaintiff,

        -v-                                          CIVIL ACTION NO.: 21 Civ. 7209 (JPC) (SLC)

                                                     **ORDER**

J.P. MORGAN CHASE & CO.,

                          Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

    Before the Court is the motion of <u>pro</u> <u>se</u> Plaintiff Thomas Rimini (ECF No. 59 (the

"Motion")) seeking reconsideration of the Court's March 18, 2022 Order, which denied Mr.

Rimini's application to amend the caption of this action to list "JPMorgan Securities" ("JPMS") as

a Defendant.  (ECF No. 58 (the "March 18 Order"), denying ECF No. 43 (the "MTA")).  Defendant

J.P. Morgan Chase & Co. ("JPMC") has opposed the Motion (ECF No. 63), and Mr. Rimini has filed

a reply (ECF No. 64).  For the reasons set forth below, the Motion is DENIED.

## I.BACKGROUND

    As explained in the March 18 Order, Mr. Rimini had sought to amend the caption of this

case to name JPMS as a Defendant based on Mr. Rimini's assertions that JPMC was JPMS's "bank

holding company parent" and that he had "worked for both entities . . . ."  (ECF No. 58 at 2

(quoting ECF No. 43 at 1)).  Construing the MTA as a motion for leave to amend under Federal

Rule of Civil Procedure 15, the Court found that Mr. Rimini's delay and bad faith in bringing the

MTA "provide[d] good reason for denial" of the MTA.  (ECF No. 58 at 2).

Now, in his current Motion, Mr. Rimini asks the Court to reconsider the March 18 Order on the grounds that his statement in the MTA that he "worked for both corporate entities was mistaken," and that, on review of his "employment record from Defendant [JPMC] . . . the only corporate entities I worked for are JPMorgan Chase Bank, [JPMS] and Bear Stearns, from 2002-2008." (ECF No. 59 at 1 ¶¶ 2–3). Mr. Rimini asserts that he "did not know the specific entity captioned would be an issue or be a raisable issue of any significance until [JPMC] stated to the Court that it is not a party to the arbitration currently proceeding during the December 20, 2021 teleconference before the Court." (Id. at 1 ¶ 7).

In its Opposition, JPMC argues that Mr. Rimini has not shown that the Court "made any error or overlooked any argument or evidence at all[,]" and therefore has not satisfied Rule 60(b)(1). (ECF No. 63 at 3). JPMC also contends that Mr. Rimini's asserted review of his employment records "falls far short of establishing that exceptional circumstances exist for reconsideration." (Id.) Finally, JPMC asks the Court to order Mr. Rimini to reimburse JPMC for the fees incurred in responding to the Motion. (Id. at 4).

In his Reply, Mr. Rimini argues that the question of the identity of his former employer "involves facts," to which he lacks access. (ECF No. 64 at 1–2). Mr. Rimini contends that the documents he does have do not show "a clear answer," and because JPMC will not "file an attestation," the question has not yet been answered. (Id. at 2–3). He reiterates that one of his email addresses included JPMC, "but corporate records only identify [JPMS], JPMorgan Bank and Bear Stearns." (Id. at 3). He contends that JPMC's request for fees is "unreasonable." (Id.)

## II. **LEGAL STANDARD**

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration.  Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration.  Local Civ. R. 6.3.  Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'"  Kubicek v. Westchester County, No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61, (2d Cir. 1986)).  The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced[.]"  Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  It is not a way to "advance new facts, issues or arguments not previously presented to the Court."  Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18,

2000) (internal citation omitted).  The "moving party bears the burden of proof."  <u>Freedom, N.Y.,</u>
<u>Inc. v. United States</u>, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion
of the district court.'"  <u>Premium Sports Inc. v. Connell</u>, No. 10 Civ. 3753 (KBF), 2012 WL 2878085,
at *1 (S.D.N.Y. July 11, 2012) (quoting <u>Aczel v. Labonia</u>, 584 F.3d 52, 61 (2d Cir. 2009)).

### III.<u>DISCUSSION</u>

The Court finds that Mr. Rimini has failed to demonstrate the exceptional circumstances
as would warrant reconsideration of the March 18 Order.  First, as JPMC correctly argues, any
ambiguity about for which entity Mr. Rimini worked does not undermine any of the grounds on
which the Court found that Mr. Rimini's delay and bad faith in bringing the MTA.  In particular,
as the Court found in the March 18 Order, Mr. Rimini well knew that JPMC and JPMS were entities
that he could name as Defendants in this case, given that he had named one or both entities in
multiple lawsuits he has filed.  (ECF No. 58 at 3 (citing ECF No. 44 at 1–2)).  Furthermore, even if
Mr. Rimini had in fact been "mistaken" in asserting in the MTA that he worked for both JPMC and
JPMS, that mistake does not explain his delay in seeking leave to amend.  (ECF No. 59 at 1 ¶¶ 2;
ECF No. 58 at 3).  Finally, Mr. Rimini's lengthy record of litigation against JPMC—and JPMS—
causes the Court to view with considerable skepticism his suggestion that he did not know which
entity or entities to name as Defendants in this litigation.

JPMC's request, unsupported by any citation to legal authority, for reimbursement of its
fees in responding to the Motion is DENIED.

IV.**CONCLUSION**

For the reasons set forth above, the Motion (ECF No.59) is DENIED and JPMC's request

for fees is DENIED.  The Clerk of Court is respectfully directed to close ECF No. 59 and to mail a

copy of this Order to Mr. Rimini at the address below.

Dated:          New York, New York
                April 14, 2022

                                                      SO ORDERED.

                                                      SARAH L. CAVE
                                                      United States Magistrate Judge

Mail To:        Thomas Rimini
                P.O. Box 392
                Winchester, MA 01890