```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
THOMAS RIMINI,                                                   :
                                                                 :
                                  Plaintiff,                     :
                                                                 :       21 Civ. 7209 (JPC)
                -v-                                              :
                                                                 :       OPINION AND
J.P. MORGAN CHASE & CO.,                                         :       ORDER
                                                                 :
                                  Defendant.                     :
                                                                 :
-----------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

    This action constitutes one battle in a long war of litigation that Plaintiff Thomas Rimini, a *pro se* attorney, has waged against his former employer, Defendant J.P. Morgan Chase & Co. ("JPMC"). Plaintiff alleges that JPMC violated the antiretaliation provisions of the Sarbanes-Oxley Act of 2002 ("SOX") by failing to rehire him and by blacklisting him to other potential employers. By the Court's count, Plaintiff's deluge of litigation includes one New York state court case, one District of Massachusetts case, two cases in the Southern District of New York, six complaints filed before the Occupational Safety and Health Administration ("OSHA"), one arbitration before the Financial Industry Regulatory Authority, as well as seven appeals to the First and Second Circuits and two petitions for certiorari to the Supreme Court. The present action is premised on a complaint that Plaintiff filed with OSHA in 2016.

    Fed up, JPMC has asked the Court to (1) dismiss Plaintiff's Complaint for failure to state a claim, Dkt. 17, and (2) impose a filing injunction under the All Writs Act, preventing Plaintiff from ever suing JPMC again without the undersigned's permission, Dkt. 37. Plaintiff, in turn, filed a "Motion to Stay This Matter Or To Dismiss Without Prejudice For Lack Of Subject Matter

Jurisdiction, Whichever Is Proper," Dkt. 47, which, given Plaintiff's *pro se* status, the Court construes as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Plaintiff argues that this Court is without subject matter jurisdiction because administrative proceedings are still ongoing.

Due to a confluence of Plaintiff's motion and the exhaustion argument Defendant made in its motion to dismiss, the Court has concluded that it lacks subject matter jurisdiction over this action under Second Circuit precedent. Accordingly, and for the reasons discussed below, the Court grants Plaintiff's motion to dismiss for lack of subject matter jurisdiction, albeit not for the reasons asserted in Plaintiff's brief. Lacking jurisdiction, the Court is without authority to consider the merits of Defendant's motions to dismiss and for a filing injunction, which are therefore denied without prejudice as moot.

## I. Background[1]

On July 14, 2016, Plaintiff filed a SOX whistleblower complaint against JPMC with OSHA (the "2016 OSHA Complaint"). Dkt. 1 ("Compl."), Exh. A at 13.[2] Plaintiff alleged that he was employed by JPMC from 2003 until 2006, and later unsuccessfully interviewed for a position with JPMC in 2011. Dkt. 19 ("Rice Declaration"), Exh. C at 8. During that interview, Plaintiff made SOX-protected comments, to which JPMC responded by blacklisting him to other potential

---

[1] The following facts are taken from Plaintiff's Complaint and attached exhibits, *see Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016), as well as other relevant documents which the parties have brought to the Court's attention, *see APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) ("Where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings . . . ." (internal quotation marks and alterations omitted)).

[2] Given that several record documents were submitted to the Court without proper pagination, unless otherwise noted, all pincites to record documents refer to ECF page numbers.

2

employers. *Id.* As an example, Plaintiff alleges that he applied for a position with HSBC in July 2016 but was not offered the job despite being qualified due to JPMC's blacklisting. *Id.*

OSHA investigated the allegations in the 2016 OSHA Complaint and interviewed Plaintiff. *See* Compl., Exh. A at 20. On October 14, 2016, OSHA issued written preliminary findings. Rice Declaration, Exh. C at 8. OSHA concluded that while the complaint was timely, "Complainant has not shown that Respondent engaged in any adverse employment action," thereby failing to allege a *prima facie* SOX violation. *Id.* Importantly, the decision clearly stated that "Respondent and Complainant have 30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge (ALJ). If no objections are filed, these Findings will become final and not subject to court review." *Id.*

Plaintiff waited over 4.5 years—until May 14, 2021—before docketing his appeal with the Department of Labor's Office of Administrative Law Judges ("OALJ"). *See* Compl., Exh. A at 17.[3] Then, on August 26, 2021, plaintiff purportedly "remov[ed]" the case to federal court and filed the instant action before the undersigned. Compl. at 5, 7. Plaintiff's Complaint contains a single paragraph of factual allegations, in which Plaintiff states that "Defendant JPMorgan employees violated employment policies and provided a bad job reference by stating to a prospective employer that there are better people to hire than me." *Id.* at 5. Plaintiff further alleges that Defendant's employees "have interfered severely with my new employment opportunities for many years causing loss of income and other challenges." *Id.*

Plaintiff supports these allegations with an email attached to his Complaint as an exhibit. In the email, dated November 8, 2011, John E. Costango, Managing Director at JPMC, reached

---

[3] In the interim period, Plaintiff filed three additional administrative complaints, two of which concerned the same conduct. *See* Compl., Exh. A at 17 n.2.

3

out to a coworker named David M. Duzyk to ask whether Duzyk recalled working with Plaintiff and whether Plaintiff "might be good in the mortgage resolution group." *Id.*, Exh. A at 12.  Duzyk replied that Plaintiff "might be ok but there should be others that are better." *Id.* at 11.  The Complaint does not mention Plaintiff's job application to HSBC.

After Plaintiff notified the Administrative Law Judge ("ALJ") that he filed the Complaint in federal court based on the 2016 OSHA Complaint, the ALJ concluded that he "no longer ha[d] jurisdiction over this case" and dismissed Plaintiff's administrative claim.  *See In re Rimini*, No. 2021-SOX-0020, slip op. at 2 (Dep't of Labor Sept. 3, 2021) (order dismissing complaint).

This is not the only, or even the first, case that Plaintiff has brought against JPMC.  In 2012, Plaintiff sued JPMC in New York Supreme Court, New York County, alleging unlawful discrimination, retaliation, and defamation arising from, *inter alia*, JPMC's "Fail[ure] to Rehire Plaintiff in Late-2011."  Rice Declaration, Exh. B at 10.  In 2015, Plaintiff initiated the first of six complaints against JPMC with OSHA, again alleging that JPMC hindered his attempts to secure employment with other companies.  *Id.*, Exh. C at 2.  Plaintiff appealed the dismissal of this first complaint to the OALJ, *id.* at 7, and then subsequently initiated an action for review in the District of Massachusetts, *see* Complaint, *Rimini v. J.P. Morgan Secs. LLC*, No. 17 Civ. 10392 (LTS), 2017 WL 6368472 (D. Mass. Dec. 13, 2017), Dkt. 1, *aff'd*, No. 18-1031, 2018 WL 11229124 (1st Cir. Nov. 7, 2018).  After the federal district court in Massachusetts dismissed Plaintiff's complaint, *Rimini*, 2018 WL 11229124, Plaintiff initiated several appeals to the First Circuit, each of which was unsuccessful, *see* Dkt. 38 at 2 n.1 (collecting appeals).  Undaunted, Plaintiff then tried his luck by appealing to the Second Circuit and filing two petitions for certiorari.  *See Rimini v. U.S. Dep't of Labor*, No. 20-4003, 2021 WL 3575016 (2d. Cir. May 13, 2021); *Rimini v. Dep't of Labor*, 142 S. Ct. 93 (2021) (mem.); *Rimini v. Dep't of Labor*, 142 S. Ct. 341 (2021) (mem.).

Each was denied. *See id.* And since commencing the present action, Plaintiff has (1) attempted to reopen proceedings in his New York state court litigation, *see* Rice Declaration, Exh. B at 20 (denying Plaintiff's motion for default judgment "as without merit since a judgment was entered in favor of defendants in this action"); (2) filed a sixth OSHA complaint, notably one day after Defendant moved for a filing injunction, *see* Notice of Docketing at 1, *In re Rimini*, No. 2022-SOX-00018 (Dep't of Labor, Apr. 26, 2022); (3) unsuccessfully sought interlocutory review of this Court's order, Dkt. 16, denying a meritless motion to compel arbitration, Dkts. 20, 71; and (4) initiated a *second* action in the Southern District of New York, *see* Complaint, *Rimini v. J.P. Morgan Chase & Co.*, No. 22 Civ. 7768 (UA) (S.D.N.Y. Sept. 9, 2022).

## II. Discussion

JPMC has moved to dismiss under Rule 12(b)(6), Dkt. 17, asserting four arguments: (1) Plaintiff's SOX claims are barred by the doctrine of *res judicata*, Dkt. 18 at 13-16; (2) Plaintiff failed to satisfy SOX's exhaustion requirements, *id.* at 16-17; (3) Plaintiff failed to allege conduct within the general federal four-year statute of limitations, pursuant to 28 U.S.C. § 1658(a), *id.* at 17; and (4) Plaintiff failed to allege a *prima facie* SOX claim, *id.* at 18-19. JPMC subsequently moved for a filing injunction pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651(a). *See generally* Dkts. 37-38. Plaintiff, in turn, filed a "Motion To Stay This Matter Or To Dismiss Without Prejudice For Lack Of Subject Matter Jurisdiction, Whichever Is Proper." Dkt. 47. Plaintiff claims that that he was notified by the Department of Labor that the underlying administrative matter is still under investigation. *Id.* ¶ 1. As such, asserts Plaintiff, this Court is "deprived of subject matter jurisdiction . . . until administrative remedies are exhausted." *Id.* ¶ 3. In support, Plaintiff cites the Second Circuit's decision in *Daly v. Citigroup Inc.*, 939 F.3d 415 (2d Cir. 2019).

Because Plaintiff's motion implicates the Court's subject matter jurisdiction, the Court will address it first. *See Prospect Funding Holdings, LLC v. Vinson*, 256 F. Supp. 3d 318, 323 (S.D.N.Y. 2017) ("When the Court is confronted by a motion raising a combination of Rule 12(b) defenses, it will pass on the jurisdictional issues before considering whether a claim was stated by the complaint."). While recognizing the atypical posture of this motion, given that plaintiffs do not usually move to dismiss their own complaints, the Court construes Plaintiff's motion as one to dismiss under Rule 12(b)(1). Nothing in Rule 12 limits a jurisdictional motion to a defendant, and in fact, the Court has a duty to consider jurisdictional questions at any time and may even do so *sua sponte*. *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.").

### A. Rule 12(b)(1) Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). There are two types of Rule 12(b)(1) motions in this Circuit: (1) "facial motions" and (2) "fact-based motions." *Nicholas v. Trump*, 433 F. Supp. 3d 581, 586 (S.D.N.Y. 2020). Facial motions are "based solely on the complaint and the attached exhibits," and the opposing party "bears no evidentiary burden." *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020). Rather, "a district court must determine whether the complaint and its exhibits allege facts that establish subject matter jurisdiction." *Nicholas*, 433 F. Supp. 3d at 586 (internal quotation marks and alterations omitted). Fact-based motions permit the movant to "proffer[] evidence beyond the [complaint and its exhibits]." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016). In opposition, the nonmovant "will need to come forward with

evidence of their own to controvert that presented by the [movant]" if such evidence "reveal[s] the existence of factual problems in the assertion of jurisdiction." *Id.* (internal quotation marks omitted).

The Court must construe *pro se* submissions "liberally" and interpret them "to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (per curiam) (internal quotation marks omitted); *see also Mendoza v. USCIS*, No. 21 Civ. 9296 (AJN) (KHP), 2022 WL 1090525, at *2 (S.D.N.Y. Mar. 22, 2022) ("The Court recognizes Plaintiff's *pro se* status and its obligation to construe the pleadings and allegations liberally for the purposes of deciding motions pursuant to Rule[] 12(b)(1) . . . ."), *report and recommendation adopted*, 2022 WL 1082406 (Apr. 8, 2022). However, "despite the solicitous pleading standard, a *pro se* plaintiff must still show facts establishing the Court[']s subject matter jurisdiction." *Bravo v. U.S. Bank Nat'l Ass'n*, No. 12 Civ. 1183 (EVB) (LB), 2013 WL 307824, at *1 (E.D.N.Y. Jan. 25, 2013) (citing *APWU*, 343 F.3d at 623); *cf. Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)).

**B. Analysis**

To bring a SOX claim in federal court, a plaintiff must exhaust his administrative remedies. *See Daly*, 939 F.3d at 427. Plaintiff must begin by filing a complaint with OSHA "not later than 180 days after the date on which the violations occur[red]" or became known. 18 U.S.C. § 1514A(b)(1)(A), (2)(D); *see also Williams v. JPMorgan Chase & Co.*, No. 21 Civ. 9326 (JSR), 2022 WL 2967881, at *5 (S.D.N.Y. July 26, 2022) (quoting *Sharkey v. J.P. Morgan Chase & Co.*, 805 F. Supp. 2d 45, 51 (S.D.N.Y. 2011)). The Department of Labor then has exclusive jurisdiction

over the SOX claim for 180 days, during which it may render a final decision. *Wong v. CKX, Inc.*, 890 F. Supp. 2d 411, 417 (S.D.N.Y. 2012). A final decision must come from an ALJ or the Administrative Review Board. *See Daly*, 939 F.3d at 427 n.13 (citing 29 C.F.R. §§ 1980.109-110).

Before the ALJ's review, OSHA conducts an investigation and issues written preliminary findings. 29 C.F.R. § 1980.105(a); *Wong*, 890 F. Supp. 2d at 417. Once OSHA issues preliminary findings, the plaintiff is obligated to file objections to adverse findings with the Chief ALJ of the Department of Labor within thirty days of receipt. 29 C.F.R. § 1980.106(a); *Lebron v. Am. Int'l Grp., Inc.*, No. 09 Civ. 4285 (SAS), 2009 WL 3364039, at *7 (S.D.N.Y. Oct. 19, 2009). This preserves the plaintiff's option to seek federal court review after the 180 days expire. *Lebron*, 2009 WL 3364039, at *6. If no timely objection is filed, the findings "become the final decision of the Secretary, not subject to judicial review." 29 C.F.R. § 1980.106(b); *see also Wong*, 890 F. Supp. 2d at 417 ("The findings of OSHA generally become final within 30 days of their receipt by the employer." (citing 29 C.F.R. § 1980.105(c)). In other words, the plaintiff loses his ability to bring a SOX claim in federal court if he fails to comply with the intermediate appellate deadline. *See Geary v. Parexel Int'l Corp.*, No. 5:19 Civ. 7322 (EJD), 2022 WL 827250, at *6 (N.D. Cal. Mar. 18, 2022); *see also* 29 C.F.R. § 1980.106(a) ("Any party who desires review, *including judicial review*, of the findings and preliminary order . . . must file any objections and/or a request for a hearing on the record within 30 days of receipt of the findings and preliminary order." (emphasis added)).

*If and only if* Plaintiff has complied with all appellate deadlines and the Secretary of Labor still has not issued a final decision within 180 days may the plaintiff proceed to filing a claim for *de novo* review in a district court. 18 U.S.C. § 1514A(b)(1)(B); *see also Alijaj v. Wells Fargo*, No.

8

17 Civ. 1887 (VSB), 2022 WL 392864, at *5 (S.D.N.Y. Feb. 9, 2022).  If, on the other hand, the Secretary *does* issue a timely final decision within the 180 days, the plaintiff's only recourse is to seek judicial review "within 60 days in the United States Court of Appeals for the circuit in which the violation allegedly occurred or the circuit in which the complainant resided on the date of the violation."  *Daly*, 939 F.3d at 427 (internal quotation marks omitted).  Moreover, such review is limited to the administrative record.  *See Bechtel v. Admin. Rev. Bd., U.S. Dep't of Labor*, 710 F.3d 443, 450 (2d Cir. 2013).

Importantly, whereas SOX's administrative exhaustion requirements may be more "akin to a statute of limitations" in other Circuits, *e.g.*, *Newman v. Lehman Bros. Holdings Inc.*, 901 F.3d 19, 25 (1st Cir. 2018) (internal quotation marks omitted) (analyzing the plaintiff's failure to exhaust SOX administrative remedies under Rule 12(b)(6)), in this Circuit, satisfaction of these requirements is "a *jurisdictional prerequisite* to suit in federal court," *Daly*, 939 F.3d at 427 (emphasis added).  Accordingly, to determine whether subject matter jurisdiction is present, the Court must assess whether Plaintiff satisfied his administrative exhaustion requirements.

Plaintiff argues that jurisdiction is lacking because "I was notified . . . that this matter is being investigated by the Department of Labor."  Dkt. 47 ¶ 1.  To the extent Plaintiff is referring to the 2016 OSHA Complaint, he is plainly incorrect.  The ALJ issued a notice of dismissal in that case in deference to the present action on September 3, 2021, and the docket does not reflect any subsequent activity.  *See In re Rimini*, No. 2021-SOX-00020, slip op. at 2; *accord* Case Status Lookup, Dep't of Labor, https://www.oalj.dol.gov/OALJ_Case_Status.html?_ga=2.87639704.1669569687.1664376598-1002598117.1664376598 (search "2021SOX00020") (last visited Sept. 29, 2022).  Perhaps Plaintiff is referring to his sixth OSHA complaint, conveniently filed the day after JPMC moved for a filing injunction.  *See* Notice of Docketing at 1, *In re Rimini*, No. 2022-SOX-

9

00018 (Dep't of Labor Apr. 26, 2022).  If so, Plaintiff is also incorrect to the extent he suggests that the filing of a successive OSHA complaint extinguishes federal court jurisdiction to review the original complaint.  There is nothing in *Daly* that suggests this is the case, and were this the rule, it would open the door to forum shopping and other vexatious conduct (such as filing an administrative complaint to moot a pending motion).  A federal court's jurisdiction over a SOX claim turns on the particular OSHA complaint being reviewed.  *Daly*, 939 F.3d at 427-28.  Here, whether the Court has jurisdiction over Plaintiff's claims turns on whether Plaintiff exhausted his administrative burdens for the 2016 OSHA Complaint alone.

However, upon further review, the Court finds that jurisdiction is lacking because Plaintiff failed to satisfy the administrative exhaustion requirements with respect to his 2016 OSHA Complaint.  Plaintiff filed that complaint in July 2016.  Compl., Exh. A at 13.  OSHA then investigated and issued preliminary findings on October 14, 2016.  Rice Declaration, Exh. C at 8.  That decision gave Plaintiff thirty days to appeal to the ALJ after which OHSA's findings "bec[a]me final and not subject to court review." *Id.*; *see also* 29 C.F.R. § 1980.106(b).  Plaintiff did not appeal within that thirty-day window; he instead waited until May 14, 2021—more than 4.5 years later—before docketing his appeal with the OALJ.  Compl., Exh. A at 17.  He therefore gave up his right to federal court review of the 2016 OSHA Complaint.  *See Lebron*, 2009 WL 3364039 at *7; *Geary*, 2022 WL 827250, at *5-6.

Because Plaintiff failed to satisfy SOX's administrative exhaustion requirements, the Court lacks jurisdiction over his claim.  Accordingly, the Court is left with no choice but to dismiss this case for lack of subject matter jurisdiction and deny without prejudice Defendant's motion to dismiss for failure to state a claim and request for a filing injunction as moot.  *See In re Aegean Marine Petroleum Network, Inc. Secs. Litig.*, 529 F. Supp. 3d 111, 133 (S.D.N.Y. 2021)

("[D]ismissal for lack of jurisdiction renders all other claims moot." (internal quotation marks omitted)). Defendant, however, is not without options for seeking relief. Most notably, the ALJ in Plaintiff's sixth OSHA complaint appears to have expressly reserved decision on whether to grant an injunction pending this Court's review. The ALJ recently denied JPMC's request for an injunction without prejudice solely because "a similar motion is pending in the United States District Court for the Southern District of New York, and I defer to that forum to rule on the pending request." Dkt. 75, Exh. A at 6.[4]

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to dismiss for lack of subject matter jurisdiction is granted. Defendant's motion to dismiss for failure to state a claim and motion for a filing injunction are both denied without prejudice as moot. The Clerk of Court is respectfully requested to close the motions at Docket Numbers 17 and 47, enter judgment in favor of Defendant, and close the case.

SO ORDERED.

Dated: September 29, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

[4] To be clear, the undersigned is not reaching the merits of Defendant's motion for a filing injunction, and is denying the request as moot because it lacks jurisdiction to resolve that motion. That denial therefore should not be interpreted as any ruling on the merits of the motion.