UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
THOMAS RIMINI,                                                         :
                                                                       :
                               Plaintiff,                              :
                                                                       :         21 Civ. 7209 (JPC)
                -v-                                                    :
                                                                       :         ORDER
J.P. MORGAN CHASE & CO.,                                               :
                                                                       :
                               Defendant.                              :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On September 29, 2022, this Court issued an Opinion and Order dismissing this case for lack of jurisdiction.  Dkt. 77.  In particular, under the Second Circuit's decision in *Daly v. Citigroup Inc.*, 939 F.3d 415 (2d Cir. 2019), a district court may exercise jurisdiction over a claim under the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745, only if the plaintiff has first exhausted his or her administrative remedies.  Dkt. 77 at 7.  And to exhaust those remedies, a plaintiff must first file a complaint with the Occupational Safety and Health Administration ("OSHA"), and then within thirty days of receipt of the preliminary findings issued by OSHA must file objections to any adverse preliminary findings with the Chief Administrative Law Judge of the Department of Labor.  *Id.* at 7-8.  Because Plaintiff Thomas Rimini waited more than thirty days after his receipt of OSHA's preliminary findings before filing an objection with the Chief Administrative Law Judge to the finding that that Defendant J.P. Morgan Chase & Co. ("JPMC") did not engage in adverse employment action, the Court held that under *Daly* it lacks jurisdiction over this case.  *Id.* at 10.

      Rimini has now submitted a letter requesting that this Court reconsider its dismissal.  Dkt. 78.  In particular, he claims that he did not fail to object to OSHA's adverse preliminary findings

within thirty days of receipt because the findings, when initially issued, were mailed to the wrong address and, therefore, were not received at all. *Id.* at 1. In support of that claim, Rimini has submitted a shipment receipt from UPS reflecting that a package appearing to contain the preliminary findings was delivered to a New York address, *see id.* at 15, at which Rimini claims he has not lived since before 2010, *id.* at 1.[1] Nonetheless, even assuming that Rimini did not receive OSHA's preliminary findings when they were first issued in October 2016, his objections to those adverse findings would still be untimely, and thus this Court would still lack jurisdiction over this case.

Department of Labor regulations provide that "[a]ny party who desires review, including judicial review, of [OSHA's] findings and preliminary order . . . must file any objections and/or a request for a hearing on the record within 30 days of receipt of the findings and preliminary order pursuant to § 1980.105(b)." 29 C.F.R. § 1980.106(a). Since Rimini filed his objections to OSHA's preliminary findings on May 14, 2021, *see* Dkt. 1 at 17, they were untimely if he received the preliminary findings pursuant to section 1980.105(b) prior to April 14, 2021. Section 1980.105(b), in turn, specifies how OSHA must disseminate the preliminary findings it issues. The version of the regulation in effect from March 2015 to February 2021 required, first, that "[t]he findings . . . be sent by certified mail, return receipt requested (or other means that allow OSHA to confirm receipt), to all parties of record." 29 C.F.R. § 1980.105(b) (2018), *amended by* 86 Fed. Reg. 1,772, 1,788 (Jan. 11, 2021). Second, those findings must "inform the parties of the right to object to the findings . . . and to request a hearing." *Id.* Third, those findings also must "give the address of the Chief Administrative Law Judge, U.S. Department of Labor." *Id.* Consequently, if prior to April

---

[1] The shipment receipt, which reflects that it was produced in response to a Freedom of Information Act request, Dkt. 78 at 15, appears to concern the package containing OSHA's preliminary findings because the tracking number displayed on the receipt, 1ZX1051V0198866718, *id.*, is identical to the tracking number displayed on the letter setting forth those findings, Dkt. 19-3 at 8.

14, 2021 Rimini received OSHA's preliminary findings through means that allowed OSHA to confirm receipt, if those findings informed him of his right to object to them and to request a hearing, and if they provided him with the address of the Chief Administrative Law Judge, then Rimini's objections to them were not timely filed, and therefore this Court lacks jurisdiction over this case.

In response to Rimini's motion for reconsideration, JPMC has submitted a copy of a brief, dated June 4, 2018, with exhibits, that it filed with the Administrative Review Board of the Department of Labor in a case against Rimini also arising from his employment at JPMC. *See* Dkt. 81 ("JPMC Response") at 8-42. Exhibit I to that brief consists of the preliminary findings issued by OSHA on October 14, 2016, which Rimini asks this Court to review in this case. *Compare id.* at 41-42 *with* Dkt. 19-3 at 8-9. Appended to that brief was a certificate of service certifying that JPMC served a copy of the brief on Rimini on June 4, 2018, JPMC Response at 39, well more than thirty days before May 14, 2021, when Rimini's objections were filed with the Chief Administrative Law Judge. Because the brief (and its appended exhibits) were delivered to Rimini through certified service, it was sent by "means that allow OSHA to confirm receipt." 29 C.F.R. § 1980.105(b). The original letter issued by OSHA containing preliminary findings, a copy of which was included as an exhibit to JPMC's June 4, 2018 brief to the Administrative Review Board, included both a notice that "Respondent and Complainant have 30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge (ALJ)," JPMC Response at 41, and an instruction that "Objections must be filed in writing with:

> Chief Administrative Law Judge
> Office of Administrative Law Judges
> U.S. Department of Labor
> Suite 400N, Techworld Building
> 800 K Street NW
> Washington, D.C. 20001-8002"

*Id.* at 41-42. Thus, the preliminary findings "inform[ed] the parties of the right to object to the

3

findings . . . and to request a hearing" and "g[ave] the address of the Chief Administrative Law Judge, U.S. Department of Labor." 29 C.F.R. § 1980.105(b). Because JPMC's service of the brief on June 4, 2018 on Rimini satisfied the requirements of section 1980.105(b), Rimini's "receipt of the findings . . . pursuant to § 1980.105(b)" occurred more than thirty days before his objections were filed with the Chief Administrative Law Judge. Consequently, those objections were not timely, and the Court lacks jurisdiction over this case.

For the foregoing reasons, Rimini's motion to reconsider, Dkt. 78, is denied. Rimini has also submitted an application for leave to proceed on appeal without prepayment of fees, Dkt. 80, which the Court hereby grants.

SO ORDERED.

Dated: October 31, 2022
New York, New York

JOHN P. CRONAN
United States District Judge