```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                              :
THOMAS RIMINI,                                                :
                                                              :
                              Plaintiff,                      :
                                                              :       21 Civ. 7209 (JPC)
            -v-                                               :
                                                              :       OPINION AND ORDER
J.P. MORGAN CHASE & CO.,                                      :
                                                              :
                              Defendant.                      :
                                                              :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

For several years, Plaintiff Thomas Rimini, an attorney proceeding *pro se* in this action, has engaged in seemingly endless litigation against his former employer, Defendant J.P. Morgan Chase & Co. ("JPMC").[1] Pending is Rimini's motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from judgment of this Court's dismissal of his Complaint. The instant motion, which itself follows the Court's denial of reconsideration of its dismissal, wholly lacks merit. The motion fails to reference any particular provision of Rule 60(b), once again voices disagreement with this Court's decision to dismiss the Complaint, and seeks to relitigate issues from Rimini's prior actions against JPMC. Because Rimini has fallen well short of establishing his entitlement to relief under Rule 60(b), his motion is denied.

## I. Background

After a prior employment with JPMC from 2003 until 2006, Rimini unsuccessfully interviewed for another position with the bank in 2011. Dkt. 19 ("Rice Declaration"), Exh. C at 8.

---

[1] By this Court's count, this includes at least one New York state case, one District of Massachusetts case, two cases in this District, six complaints filed before the Occupational Safety and Health Administration ("OSHA"), one arbitration before the Financial Industry Regulatory Authority, seven appeals to the First Circuit and Second Circuit Courts of Appeals, and two petitions for *certiorari* to the United States Supreme Court.

Rimini then filed a complaint with OSHA against JPMC under the antiretaliation provisions of the Sarbanes-Oxley Act of 2002 ("SOX") (the "2016 OSHA Complaint"). *See* Dkt. 1 ("Complaint") at 13.[2] On October 14, 2016, after investigating those allegations and interviewing Rimini, *id.* at 20, OSHA issued written preliminary findings, concluding that Rimini had "not shown that [JPMC] engaged in any adverse employment action" for purposes of a *prima facie* SOX violation. Rice Declaration, Exh. C at 8. The findings expressly advised that Rimini had "30 days from the receipt of these Findings to file objections and to request a hearing before an Administrative Law Judge (ALJ)" and that if objections were not filed, "these Findings will become final and not subject to court review." *Id.*; *see* 29 C.F.R. § 1980.106(a), (b). Instead of filing timely objections, Rimini waited over 4.5 years—until May 14, 2021—before filing an appeal with the Department of Labor's Office of Administrative Law Judges ("OALJ"). *See* Complaint, Exh. A at 17.

On August 26, 2021, Rimini purportedly "remov[ed]" the case to federal court by filing the instant action. Complaint at 5, 7. In his Complaint, Rimini alleged that JPMC "employees violated employment policies and provided a bad job reference by stating to a prospective employer that there are better people to hire than [him]," which "evidences . . . blacklisting and discrimination." *Id.* at 5. Rimini contended that JPMC employees "have interfered severely with [his] new employment opportunities for many years causing loss of income and other challenges." *Id.*

On September 29, 2022, the Court issued an Opinion and Order dismissing this action for lack of subject matter jurisdiction because Rimini "failed to satisfy the administrative exhaustion requirements with respect to his 2016 OSHA Complaint." *Rimini v. J.P. Morgan Chase & Co.*, No. 21 Civ. 7209 (JPC), 2022 WL 4585651, at *5 (S.D.N.Y. Sept. 29, 2022); *see Daly v. Citigroup Inc.*, 939 F.3d 415, 427 (2d Cir. 2019) (holding that satisfaction of SOX's administrative exhaustion

---

[2] Rimini alleged in his SOX complaint that, during his 2011 job interview, he made SOX-protected comments, to which JPMC responded by blacklisting him to other potential employers, including HSBC. Rice Declaration, Exh. C at 8.

requirements is "a jurisdictional prerequisite to suit in federal court").³ The Court explained that OSHA's October 14, 2016 findings gave Rimini thirty days to appeal to the ALJ, after which OSHA's findings became final and not subject to judicial review, yet he waited 4.5 years before appealing to the OALJ. *Rimini*, 2022 WL 4585651, at *5.

On September 30, 2022, the day after the Court's Opinion and Order, Rimini sought reconsideration of the dismissal, contending that he did not receive OSHA's findings because they were mailed to the wrong address. Dkt. 78 at 1.⁴ This Court denied reconsideration on October 31, 2022. *Rimini v. J.P. Morgan Chase & Co.*, No. 21 Civ. 7209 (JPC), 2022 WL 20613700 (S.D.N.Y. Oct. 31, 2022). Specifically, the Court rejected Rimini's claimed lack of notice of OSHA's preliminary findings, explaining that, "even assuming that Rimini did not receive OSHA's preliminary findings when they were first issued in October 2016," *id.* at *1, JPMC served a copy of a brief, with those findings attached, on Rimini on June 4, 2018, *id.* at *2. As the Court explained, this satisfied the requirements under 29 C.F.R. § 1980.105(b). *Id.* Therefore, Rimini's "receipt of the findings and preliminary order pursuant to § 1980.105(b)," 29 C.F.R. § 1980.106(a), occurred more than thirty days before his objections were filed with the Chief Administrative Law Judge, rendering those objections untimely and depriving this Court of subject matter jurisdiction. *Rimini*, 2022 WL 20613700, at *2.

---

³ Prior to issuing the September 29, 2022 Opinion and Order, the Court also denied a meritless motion by Rimini—the plaintiff, of course, in this case—to compel arbitration, Dkt. 16, leading Rimini to unsuccessfully pursue an interlocutory appeal of that decision, Dkts. 20, 71. And also before this Court issued the September 29, 2022 Opinion and Order, Rimini filed yet another action in this District against JPMC, *Rimini v. J.P. Morgan Chase & Co.*, No. 22 Civ. 7768 (JPC) (S.D.N.Y.), which is pending before the undersigned.

⁴ As his motion for reconsideration was *sub judice*, Rimini once again sought relief from the Second Circuit, moving for, *inter alia*, appointment of counsel and relief from judgment. Dkt. 82. On April 26, 2023, the Second Circuit denied Rimini's motions and dismissed his appeal "because it 'lack[ed] an arguable basis either in law or in fact.'" Dkt. 95 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Then on April 28, 2023, Rimini requested leave to file a Rule 60 motion, Dkt. 94, which the Court granted on June 26, 2023, Dkt. 96. Rimini filed his motion on July 28, 2023. Dkt. 104 ("Motion"). JPMC opposed the motion on August 18, 2023, Dkt. 105 ("Opposition"), and Rimini replied on August 28, 2023, Dkt. 106.

## II. Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides grounds by which a court, in its discretion, "may relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).[5] Rule 60(b) enumerates six grounds for relief:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

*Id.* Regardless of the subsection invoked, Rule 60(b) requires courts to "strike[] a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). To strike this balance, Rule 60(b) motions "should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *Id.* (internal quotation marks omitted). Motions for relief from judgment under Rule 60(b) are generally disfavored in the

---

[5] While Rimini's motion at points generally refers to "Rule 60," *see* Motion at 1, 9, the Court assumes he is proceeding under Rule 60(b). Rule 60(a), which concerns corrections based on clerical mistakes or mistakes arising from oversights or omissions, would not seem to apply to Rimini's arguments, nor does Rimini advance any reason why this provision does.

Second Circuit. *See Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citing *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). It is "a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances and relief under the rule is discretionary." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (alteration in original) (citing *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). A Rule 60(b) motion that merely seeks to relitigate issues already decided should be denied. *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).

Generally speaking, *pro se* litigants are not excused from the heavy evidentiary burden of producing "highly convincing" evidence to support a Rule 60(b) motion. *Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003) (internal quotation marks omitted); *accord Broadway v. City of New York*, No. 96 Civ. 2798 (RPP), 2003 WL 21209635 at *3 (S.D.N.Y. May 21, 2003) ("[T]he heavy burden for securing relief from final judgments applies to *pro se* litigants as well as those represented by counsel."). That is particularly the case here. A district court typically affords special solicitude to a *pro se* litigant, which can "consist[] of liberal construction of pleadings, motion papers, and appellate briefs." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). But "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented. The ultimate extension of this reasoning is that a lawyer representing himself ordinarily receives no such solicitude at all." *Id.* at 102 (citations omitted); *accord Manchanda v. Reardon*, No. 23 Civ. 9292 (JPC), 2024 WL 382116, at *4 (S.D.N.Y. Feb. 1, 2024). While Rimini is proceeding *pro se*, earlier in this litigation he made a submission that attached a resume reflecting his graduation from the George Washington University Law School in 2001. *See* Dkt. 72 at 25.

5

### III. Discussion

Rimini's motion is a challenge to decipher. He does not indicate under which provision or provisions of Rule 60(b) he is seeking relief. *See generally* Motion. Instead, he seeks relief "pursuant to Rule 60, generally," and suggests that the Court erred when it dismissed his Complaint for "3 reasons" which appear to be: "[1] statute of limitations because of service in an exhibit, a New York State matter, [2] vexatiousness and [3] ALJ McGrath's initial proceedings, which are in fact unrelated to this matter by law." *Id.* at 1. Even more confusingly, he further "ask[s] that the Court consider whether the 2 findings of bad faith are indeed appropriate," and contends that "[t]he Court states in its decision that the entire matter is predicated on decisions made by ALJ McGrath in a 2015 administrative matter." *Id.* at 2. However, and as discussed above, the Court dismissed Rimini's Complaint because subject matter jurisdiction was lacking on account of his failure "to satisfy the administrative exhaustion requirements with respect to his 2016 OSHA Complaint." *Rimini*, 2022 WL 4585651, at *5.

In any event, Rimini's motion plainly fails under Rule 60(b). In the interest of completeness, the Court will address each subsection of Rule 60(b) to explain why relief is not warranted. In short, nothing in Rimini's motion calls into question the Court's conclusion as to the fundamental defect of his Complaint: the failure to establish this Court's subject matter jurisdiction.

**A. Rule 60(b)(1)**

Rule 60(b)(1) permits a court to grant relief from a final judgment in the case of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Generously construed, Rimini may be suggesting that the Court made a "mistake" when it determined that JPMC's service of OSHA's preliminary findings satisfied 29 C.F.R. § 1980.105(b). *See* Motion at 5 ("I do not agree with the Court that service by an attached exhibit in unrelated litigation meets the requirements of federal laws and regulations, particularly Sarbanes-Oxley (SOX) and the

6

Administrative Procedures Act (APA), which expressly states that proper service to the clamant is to be by the administrative agency, here the Department of Labor (DOL).").

While Rule 60(b)(1) provides an avenue for relief for "a substantive mistake of law or fact in the final judgment or order," *Bey v. Iaquinto*, No. 12 Civ. 5875 (JCF), 2016 WL 462412, at *4 (S.D.N.Y. Feb. 4, 2016) (citations omitted), it does not "provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed,'" and a "[c]ourt should not 'reconsider issues already examined simply because [the movant] is dissatisfied with the outcome of his case,'" *In re Bulk Oil (USA) Inc.*, Nos. 89-B-13380, 93 Civ. 4492 (PKL), 93 Civ. 4494 (PKL), 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (quoting *Matura v. United States*, 189 F.R.D. 86, 90 (S.D.N.Y. 1999)).  The question of whether Rimini received notice of OSHA's October 14, 2016 findings was litigated and resolved in connection with his motion for reconsideration.  *See Rimini*, 2022 WL 20613700, at *2.  Indeed, at bottom, Rimini is raising the same argument the Court previously rejected in that reconsideration Order: that the Court erred in finding his appeal of OSHA's findings untimely.  Relief under Rule 60(b)(1) is not warranted.

**B. Rule 60(b)(2)**

Rule 60(b)(2) permits a court to grant relief from a final judgment when a "movant presents newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]," *Ins. Co. of N. Am.*, 609 F.3d at 130-31, and is "relevant to the merits of the litigation," *Boule v. Hutton*, 328 F.3d 84, 95 (2d Cir. 2003).  More specifically, to succeed on a Rule 60(b)(2) motion, "[t]he movant must demonstrate that [i] the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, [ii] the movant must have been justifiably ignorant of them despite due diligence, [iii] the evidence must be admissible and of such importance that it probably would have changed the outcome, and [iv] the evidence must not be merely

7

cumulative or impeaching." *Reid v. City of New York*, No. 20 Civ. 9243 (KPF), 2024 WL 749620, at *4 (S.D.N.Y. Feb. 23, 2024) (alterations in original) (quoting *Int'l Bhd. of Teamsters*, 247 F.3d at 392). Rather than present any "newly discovered evidence," Rimini devotes much of his motion to discussing prior proceedings. *See generally* Motion. In addition to those proceedings not being newly discovered evidence, Rimini provides no reason why anything about them would alter the Court's holding that subject matter jurisdiction is lacking. Relief under Rule 60(b)(2) therefore is not warranted.

### C. Rule 60(b)(3)

To prevail under Rule 60(b)(3), Rimini must demonstrate by clear and convincing evidence that JPMC engaged in fraud, misrepresentation, or other misconduct in this litigation, and that the misconduct prevented him from fully and fairly presenting his case. *See Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003) (citations omitted). Similarly, a court may invoke Rule 60(b) to "set aside a judgment for fraud on the court." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (citation omitted). The "standard to prove 'fraud on the court' is extremely high," *Aneja v. M.A. Angeliades, Inc.*, No. 05 Civ. 9678 (LAP), 2010 WL 199681, at *2 (S.D.N.Y. Jan. 10, 2010), and is "limited to 'fraud that seriously affects the integrity of the normal process of adjudication,'" *id.* (quoting *Gleason v. Jandrucko*, 860 F.2d 556, 558-59 (2d Cir. 1988)). Even affording Rimini's motion the most liberal construction, he points to no misconduct by JPMC while litigating this case or any fraud perpetrated on the Court. His allegations, rather, concern the conduct of JPMC prior to this litigation. And notably, at all points Rimini has been afforded the opportunity to fully and fairly present his case. Relief under Rule 60(b)(3) also is thus not warranted.

### D. Rule 60(b)(4)

A judgment is void for purposes of Rule 60(b)(4) if it is "so affected by a fundamental

infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).  A judgment is not void "simply because it is or may have been erroneous." *Id.*  Rather, Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271; *see City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure . . . if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." (alteration in original) (internal quotation marks omitted)).

Rule 60(b)(4) plainly does not apply.  Because the Court did not reach the merits of the Complaint upon its determination that jurisdiction was lacking, it could not have improperly exercised jurisdiction over Rimini or his claims.  Nor did the Court act in a manner inconsistent with due process.  Rimini contends that "[t]he Court should only consider the 2016 Administrative Complaint here, not the many unrelated filings Defendants have made, including because statements there violate due process."  Motion at 1.  But the Court did not consider any such materials; rather, the Court found subject matter jurisdiction to be lacking because Rimini failed to satisfy the administrative exhaustion requirements with respect to his 2016 OSHA Complaint. *Rimini*, 2022 WL 4585651, at *5.

### E.  Rule 60(b)(5)

Rule 60(b)(5) also does not afford Rimini an avenue for relief.  The judgment in this case has not "been satisfied, released, or discharged," nor is it "based on an earlier judgment that has been reversed or vacated."  Fed. R. Civ. P. 60(b)(5).  This is also not a situation where applying the judgment "prospectively is no longer equitable."  *Id.*  While almost "every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect," to

satisfy Rule 60(b)(5) an order must be "executory," or involve "the supervision of changing conduct or conditions." *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) (citation omitted). The judgment in this case is not one with prospective application within the meaning of Rule 60(b)(5), as it is "immediately final and require[s] nothing of the parties or the district court going forward." *Id.* at 171; *see Saunders v. Goord*, No. 98 Civ. 8501 (JGK), 2007 WL 1434974, at *2 (S.D.N.Y. May 15, 2007) ("[T]he judgment simply dismissed the action without prejudice and did not have 'prospective application.'"). Thus, Rimini has no claim for relief under Rule 60(b)(5).

**F. Rule 60(b)(6)**

Finally, Rule 60(b)(6) is a catchall provision that permits relief from a final order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see Jones v. Caputo*, No. 22 Civ. 2794 (JPC), 2023 WL 2436039, at *1 (S.D.N.Y. Feb. 16, 2023) (quoting *Warren v. Columbia Presbyterian Hosp.*, No. 12 Civ. 5139 (RA), 2019 WL 2250419, at *2 (S.D.N.Y. May 24, 2019). Motions pursuant to Rule 60(b)(6) may only be brought if no other subsection of Rule 60(b) applies and "if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." *Id.* (quoting *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012)). Rimini "may not, however, obtain relief from judgment by reiterating the same general allegations contained in his dismissed complaint [and m]ere disagreement with the district court's underlying judgment does not present extraordinary circumstances or extreme hardship." *Green v. Phillips*, 374 F. App'x 86, 88-89 (2d Cir. 2010) (summary order).

Rimini has not demonstrated extraordinary circumstances or extreme hardship warranting relief. While he does state that he is "pro se and recovering from injuries," Motion at 2, these situations do not amount to "extraordinary circumstances." *Cf. Abad v. United States*, Nos. 09 Civ. 8985 (GBD), 01 Cr. 831 (GBD), 2018 WL 2021698, at *2 (S.D.N.Y. Apr. 12, 2018) ("When, as here, a *pro se* petitioner who claims to be suffering from a mental condition is nonetheless able to

file multiple documents with the court, his mental condition is not an extraordinary circumstance that warrants relief under Rule 60(b)(6)." (internal quotation marks omitted)). And like the other provisions discussed, Rule 60(b)(6) is not a mechanism to appeal a judgment with which a party disagrees. *See Clavizzao v. United States*, No. 08 Civ. 6434 (KMK), 2010 WL 6836461, at *4 (S.D.N.Y. Oct. 25, 2010); *see also Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir. 1986) (noting that Rule 60(b)(6) "may not be used as a substitute for an appeal"). Rimini thus is not entitled to relief under Rule 60(b)(6).[6]

### IV. Conclusion

For the foregoing reasons, Rimini's motion for relief pursuant to Rule 60(b) is denied.[7] The Clerk of the Court is respectfully directed to close the motion at Docket Number 104.

SO ORDERED.

Dated: February 27, 2024
New York, New York

JOHN P. CRONAN
United States District Judge

---

[6] Rimini concludes his Rule 60 motion by requesting that "this Court consider entering a default judgment in [his] favor." Motion at 10. This request is of course entirely without merit. At all points, JPMC has been engaged in defending this litigation. Any request for a default judgment in Rimini's favor therefore is denied.

[7] In their opposition brief, JPMC request that the Court grant "all appropriate relief" in its favor, "including the attorneys' fees and costs JPMC has needlessly had to expend in responding to Rimini's motion." Opposition at 2. Because JPMC has not identified a legal basis upon which they might be entitled to fees, their request is denied. Should Rimini's meritless litigation tactics continue, however, fees very well may become warranted.